# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:19-CV-58-DSC

| | |
|---|---|
| KEVIN DANIEL ASEL,<br>   Plaintiff,<br><br>  vs.<br><br>ANDREW M. SAUL,[1]<br>**Commissioner of Social**<br>**Security Administration,**<br>   Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #13) and Defendant's "Motion for Summary Judgment" (document #16), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on February 4, 2019. He assigns error to the

---

[1] Andrew M. Saul is now the Commissioner of Social Security and substituted as a party pursuant to Fed. R. Civ. P. 25(d).

Administrative Law Judge's formulation of his Residual Functional Capacity ("RFC").[2] See Plaintiff's "Brief ..." at 4-8 (document #14). He contends that the ALJ improperly evaluated the credibility of his subjective complaints, id. at 4, 8-13, and failed to resolve conflicts between the Vocational Expert's testimony and the Dictionary of Occupational Titles ("DOT"). Id. at 4, 13-18.

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[3] The Court has carefully reviewed the record, the authorities and the parties' arguments. The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence.

## III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #13) is **DENIED**;

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Defendant's "Motion for Summary Judgment" (document #16) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**  Signed: September 30, 2019

David S. Cayer
United States Magistrate Judge